UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOSANNE JONES,                                            MEMORANDUM & ORDER
                   Plaintiff,

                                                                                                              16-CV-1250 (ILG) (RER)

   - against -

PROFESSIONAL CLAIMS BUREAU, INC.,

                 Defendant.
------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Plaintiff Josanne Jones commenced this action on behalf of herself and others similarly situated against Professional Claims Bureau, Inc. ("PCB"), the Defendant, seeking damages, declaratory, and injunctive relief for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Pending before the Court is PCB's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which Plaintiff opposes. For the reasons set forth herein, Defendant's motion is GRANTED.

## BACKGROUND

       Defendant PCB is in the business of collecting debts owed to others. ECF 1, ("Compl.") ¶¶ 3, 5. Plaintiff Jones is a resident of New York who incurred a debt for medical services. Id. ¶¶ 2, 31. On or about December 30, 2015, PCB mailed a letter to the Plaintiff seeking to recover on the unpaid financial obligation. Id. ¶ 9. This letter reads in part, "THIS ACCOUNT IS SERIOUSLY PAST DUE," and "[i]t is extremely important that you resolve this past due account and we suggest that you contact our offices via telephone or mail immediately." Id. ¶¶ 24-26. The letter further states that "payment is expected within 10 days of this notice. If this account is not resolved, we will assume that you have no intention of settling this outstanding

1

debt." Id. ¶ 27. Finally, the letter concludes, "We are here to help you, as our client was there to help you in your time of need." Id. ¶ 28.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay a trial—a party may move for judgment on the pleadings." In deciding a 12(c) motion, the Court applies the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6). Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). To survive a 12(c) motion, Plaintiffs must plead "sufficient factual matter, accepted as true" to state a claim that is plausible on its face, from which the Court can draw the reasonable inference that the Defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

### I. The Fair Debt Collection Practices Act

The FDCPA was enacted in response to a "serious national problem" of debt collection abuse, "including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." S. REP. 95-382, 2, 1977 U.S.C.C.A.N. 1695, 1696. The enacted purpose of the statute was to eliminate such "abusive debt collection practices." 15 U.S.C. § 1692(e). In pursuit of its objective, the statute restricts, inter alia, the use of false or misleading representations and the harassment or abuse of any person in connection with collection of a debt, and broadly prohibits "unfair" and "unconscionable" debt collection practices. See §§ 1692d, 1692e, 1692f.

In analyzing whether a particular communication runs afoul of the FDCPA, courts apply an objective "least sophisticated consumer" standard. Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (citation omitted). In so doing, a defendant's communication is viewed "from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences." Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007). "It should be emphasized that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)

## II. Plaintiff's Claims

To recover under the FDCPA, a plaintiff must satisfy three threshold requirements: (1) the plaintiff must be a "consumer," (2) the defendant must be a "debt collector;" and (3) the defendant must have committed some act or omission in violation of the FDCPA. Oscar v. Prof'l Claims Bureau, Inc., No. CV11-5319 SJF WDW, 2012 WL 2367128, at *3 (E.D.N.Y. June 1, 2012), report and recommendation adopted, No. CV-11-5319 SJF WDW, 2012 WL 2367136 (E.D.N.Y. June 19, 2012). The parties do not dispute the satisfaction of the first two requirements. With respect to the third, Plaintiff alleges that PCB's letter to Ms. Jones violated §§ 1692d, 1692e, and 1692f of the FDCPA.

The decision in Oscar informs the conclusions to follow. In that case, PCB, Defendant here, responded to an analogous complaint alleging FDCPA violations stemming from a debt collection letter. As here, the letter stated that "Payment is expected within 10 Days of this notice." As the letter continued, "If this account is not resolved, we will assume you have no intention of settling this outstanding debt and will notify our client of this." Id. at 1. As here, the plaintiffs in Oscar contended that the letter disgraced the reader, was false and misleading, and

3

was unfair and unconscionable in contravention of the FDCPA. In dismissing claims brought pursuant to 15 U.S.C. §§ 1692e and 1692f, the Oscar court noted that plaintiffs submitted little more than the text of the letter alongside conclusory allegations as to how the letter violated the statute. Id. at 3-4. Plaintiff here has similarly failed to state a claim.

### a. 15 U.S.C. § 1692d Claim

The FDCPA provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d protects debtors from oppressive and outrageous conduct, not from every negative consequence of debt collection. Monahan v. NRA Grp. L.L.C., No. 3:10-CV-00638 JCH, 2011 WL 3901877, at *2 (D. Conn. Sept. 6, 2011). Plaintiff alleges that the collection letter violated § 1692d based on the warning in the letter that if she were to fail to respond, it would be assumed she had "no intention of settling this outstanding debt." Plaintiff asserts this statement is "belittling and discourteous" with the "clear intent and result of harassing, oppressing or abusing Plaintiff." ECF 16 at 2. Such conclusory allegations, absent supportive facts, do not sustain a claim that the letter was profane, obscene, or abusive in contravention of the statute. See e.g. Franke v. Glob. Credit & Collection Corp., No. 3:10-CV-1535 WWE, 2010 WL 4449373, at *2 (D. Conn. Nov. 1, 2010) (dismissing claim where the complaint lacked "any specific facts that would support a claim that the ... letter had a natural consequence to harass, oppress or abuse"). As such, Plaintiff's claim alleging violations of § 1692d are DISMISSED.

### b. 15 U.S.C. § 1692e Claims

The FDCPA prohibits the use of "any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff submits the

4

Defendant's letter violated 15 U.S.C. § 1692e due to its urging that the outstanding debt be resolved "immediately," and providing a deadline to respond "within 10 days of this notice." ECF 16 at 2; Compl. ¶ 33. Plaintiff characterizes this language as "ambiguous," and capable of leaving consumers "in the dark as to whether the 10 day deadline runs from the date of the letter or the date the letter was received by the consumer." ECF 16 at 2.

Plaintiff also alleges a specific violation of 15 U.S.C. § 1692e(7). Pursuant to this section, a false representation or implication that the consumer committed any crime, or other conduct undertaken in order to disgrace the consumer, is a violation of the statute. Plaintiff takes issue with the letter's statements that a failure to respond would lead to an assumption that the Plaintiff had "no intention of settling this outstanding account," while the Defendant had assisted the debtor in a "time of need." ECF 16 at 2. As Plaintiff argues, this language implies that the debtor is "ungrateful for favors done," and that the failure to pay the debt has been "deliberate, unjust and shameful," thereby seeking to embarrass, disgrace and shame her and disparage her character. ECF 16 at 3; Compl. ¶ 35.

Plaintiff's contentions are conclusory allegations that do not survive a Fed. R. Civ. P. 12(c) motion. The Complaint essentially repeats the language of the letter, and concludes that it is deceptive and misleading, without supportive facts. It is difficult to comprehend how the language of the letter could be construed to implicate disgraceful conduct by the Plaintiff. Although the letter is viewed from the perspective of the least sophisticated consumer, the consumer remains capable of making reasonable and logical inferences. The letter before the Court is devoid of any cognizable deception or falsehood. Plaintiff's claims brought pursuant to 15 U.S.C. § 1692e are DISMISSED.

### c. 15 U.S.C. § 1692f Claim

Section 1692f provides a general prohibition of "unfair or unconscionable means" in debt collection. 15 U.S.C. § 1692f. The broad language of § 1692f allows courts to "sanction improper conduct that the FDCPA fails to address specifically." Oscar, 2012 WL 2367128, at *5 (citation omitted). Here, Plaintiff contends that the letter sought to "cause shame to Plaintiff and other consumers." ECF 16 at 3. As Plaintiff suggests, Defendant's "obvious intent" in sending the letter was to "intimidate and humiliate [debtors] into making payment." Id. at 3.

In Okyere v. Palisades Collection, LLC, the court surveyed several debt collection practices found to be unfair and unconscionable in contravention of § 1692f. These included: filing an application for a writ of garnishment where plaintiff did not owe any money; garnishing a bank account with the knowledge that it contained exempt funds; and unauthorized withdrawals from a consumer's bank account. 961 F. Supp. 2d 522, 531 (S.D.N.Y. 2013). In the present case, in contrast, Plaintiff has not, and cannot, support the conclusory allegation that the collection letter was similarly unfair or unconscionable. Plaintiff's claim alleging violations of § 1692f are DISMISSED.

### CONCLUSION

I fail to resist the need to add an additional observation on cases of which this one is fairly illustrative, an observation I made once before in Jacobson v. Healthcare Fin. Servs., Inc., 434 F. Supp. 2d 133 (E.D.N.Y. 2006), aff'd in part, vacated in part, rev'd in part, 516 F.3d 85 (2d Cir. 2008), cited affirmatively in Fed. Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504, 513 (6th Cir. 2007). It is hornbook law that the violation of a statute is actionable if the harm complained of is the harm the statute was designed to prevent. The harm the FDCPA was

designed to prevent is the harm a "least sophisticated consumer" would suffer from debt collection practices that would be regarded as abusive and unacceptable, described above.

One might wonder whether the "harm" claimed by the Plaintiff was the harm the statute was designed to prevent, and would Ms. Jones, before the FDCPA was enacted, have felt "belittled" and a victim of discourtesy upon receiving a letter which simply says, in effect, that she owes money for services rendered that she has not paid, and by not responding to the letter it will be assumed she doesn't intend to pay it; that she was confused by the time within which she should respond because it was ambiguous, implying that literary imprecision is a violation of the statute; that being told she failed to pay what she owed was unjust and shameful, and embarrassed, disgraced and shamed her and disparaged her character, all done deliberately. That litany of claims does not suggest an unsophisticated consumer. Prior to the enactment of the FDCPA would she, because she received a letter reminding her that she has not paid her debt, have been prompted to file a claim for the intentional infliction of emotional distress? In addition to its purpose "to eliminate abusive debt collection practices," Congress also deemed it necessary "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." § 1692(e). The "natural consequence" of this letter is not "to harass, oppress or abuse." § 1692d. It can be read to have that effect only by one whose debt is undisputed, long overdue, and when asked to pay it, is predisposed to read it that way.

For the foregoing reasons, Defendant's motion for judgment on the pleadings is GRANTED in favor of the Defendant on all claims.

SO ORDERED.

Dated:      Brooklyn, New York
              July 13, 2017

                                        /s/
                                        I. Leo Glasser